**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KENDARIUS TUCKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 25-1250 (UNA) |
| ) | |
| DONALD TRUMP, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court on initial review of plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, and *pro se* complaint, ECF No. 1. The Court will grant the application and dismiss the complaint without prejudice.

Complaints filed by *pro se* litigants are held to "less stringent standards" than those applied to pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. FED. R. CIV. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). In addition, Rule 8(d) states that "[e]ach allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). "Taken together, [those provisions] underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (cleaned up). The Rule 8 standard ensures that defendants receive fair notice of

the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of res judicata applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff alleges violations of rights protected under the First, Second, Third, Fourth, and Fifth Amendments to the United States Constitution, *see* Compl. (ECF No. 1) at 3-4, and the complaint refers to gunshot wounds Plaintiff sustained in Chicago on August 22, 2022, *see id*. at 4-5, in an incident in which police officers were involved, *see id*. at 5, medical care he did not receive, *see id*., and "defamation of character . . . resulting from being bullied," *id*. Plaintiff demands "relief of 10 billion of dollars of damage to [his] body and mental state." *Id*. at 5. He does not, however, bring suit against the person who allegedly shot him but, rather, sued President Trump—apparently for mocking, bullying, shaming, and stalking him. Yet, only once is the named Defendant mentioned, and Plaintiff fails to explain what—in particular—he did. Plaintiff merely alleges, without substance, that "Donald Trump acted and showed how illegal and corrupt the system is." *Id*. at 4.

As drafted, the complaint fails to meet the minimal pleading standard set forth in Rule 8(a). It fails to put Defendant on notice of the claim(s) against him, as there are no factual allegations connecting Defendant to any of the events described in the complaint. Nor does the complaint offer any basis for overcoming presidential immunity from civil suit for damages based on his official acts—assuming that Plaintiff intends to sue for any such acts. *See Nixon v.*

*Fitzgerald*, 457 U.S. 731 (1982).  The Court, therefore, will dismiss the complaint without prejudice.

      A separate order will issue.

                                          /s/
                                          RANDOLPH D. MOSS
                                          United States District Judge

DATE: May 9, 2025